**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**April 2, 2025**

**Christopher M. Wolpert**
**Clerk of Court**

**PUBLISH**

### UNITED STATES COURT OF APPEALS

### FOR THE TENTH CIRCUIT

_____

UNITED STATES OF AMERICA,

    Plaintiff - Appellee,

v.

GARY JORDAN,

    Defendant - Appellant.

No. 23-3273

_____

**Appeal from the United States District Court**
**for the District of Kansas**
**(D.C. Nos. 2:19-CV-02491-JAR, 2:19-CV-02015-JAR-JPO &**
**2:16-CR-20022-JAR-2)**

_____

Daniel T. Hansmeier, Appellate Chief (Melody Brannon, Federal Public Defender, with him on the briefs), Kansas Federal Public Defender, Kansas City, Kansas, for Appellant.

Bryan C. Clark, Assistant United States Attorney (Kate E. Brubacher, United States Attorney, and James A. Brown, Assistant United States Attorney, Chief, Appellate Division, with him on the brief), District of Kansas, Kansas City, Kansas, for Appellee.

_____

Before **EID**, **KELLY**, and **CARSON**, Circuit Judges.

_____

**CARSON**, Circuit Judge.

_____

Prisoners challenging whether their plea was knowing and voluntary must do so through an ineffective assistance of counsel claim unless they entered their plea only because of threats, misrepresentations, or inappropriate prosecutorial promises.

Other challenges to a plea's constitutionality based on pre-plea activity are usually invalid.

Defendant Gary Jordan pled guilty to bank robbery and other crimes. The district court gave him thirty years in prison. Defendant later discovered prosecutors recorded his attorney/client meetings some time before he entered a guilty plea. He moved to vacate his guilty plea, arguing that the prosecutors' actions made it unconstitutionally unknowing and involuntary. The district court denied the motion and ruled he could only challenge his guilty plea through an ineffective assistance of counsel claim. We granted Defendant a certificate of appealability to review that holding. Exercising jurisdiction under 28 U.S.C. § 1291, we affirm.

I.

Defendant is a prisoner serving thirty years after pleading guilty to armed bank robbery and other crimes. He learned later that prosecutors soundlessly recorded legal strategy meetings he had with his attorney before he pled guilty. Prosecutors denied having watched the recordings. Defendant moved to vacate his guilty plea under 28 U.S.C. § 2255(a). Citing <u>Shillinger v. Haworth</u>, 70 F.3d 1132 (10th Cir. 1995), he argued that the prosecutors' actions unconstitutionally violated his Sixth Amendment right by intruding into his attorney-client communications.[1] Thus, he contended, his plea was neither knowing nor voluntary.

---

[1] This case and others arose because of the United States Attorney's Office for the District of Kansas's since-discovered practice of obtaining and listening to prison detainees' phone calls with their attorneys. We have dealt with similar appeals from these detainees arising because of this now-ceased practice. <u>See, e.g.</u>, <u>United States</u>

2

The district court denied that motion. The district court explained that Defendant had to allege ineffective assistance of counsel because the unconstitutional conduct Defendant alleged occurred pre-plea. Because Defendant's motion relied solely on the structural-error theory Shillinger articulated, he raised no claim of prejudice or constitutional ineffective assistance of counsel. The district court, therefore, concluded he could not prevail. Defendant sought a certificate of appealability, arguing that "jurists of reason would find it debatable" whether he "could challenge the constitutionality of his guilty plea only via an ineffective-assistance-of-counsel claim." On that broad issue, we granted him a certificate of appealability.

We review legal questions raised by habeas petitioners seeking certificates of appealability de novo. English v. Cody, 241 F.3d 1279, 1282 (10th Cir. 2001) (citing Ross v. Ward, 165 F.3d 793, 798 (10th Cir. 1999)). The government urges us to review for plain error because Defendant did not argue below that his plea was involuntary. But he clearly did: the district court characterized his Shillinger argument as a "challenge to the voluntariness of his plea."

Tollett v. Henderson, 411 U.S. 258 (1973) established the conduct defendants could use to attack their guilty plea as unconstitutional. The Supreme Court held that

> When a criminal defendant has solemnly admitted in open court that he is in fact guilty of the offense with which he is charged, he may not thereafter raise independent claims relating to the deprivation of constitutional rights that occurred prior to the entry of the guilty plea. He may only attack the

---

v. Carter, 995 F.3d 1214 (10th Cir. 2021); United States v. Spaeth, 69 F.4th 1190 (10th Cir. 2023).

voluntary and intelligent character of the guilty plea by showing that the advice he received from counsel was not within the standards set forth in [Strickland v Washington, 466 U.S. 668 (1984)].[2]

Tollett, 411 U.S. at 267.  In other words, defendants challenging a guilty plea as not being—as constitutionally required—knowing and voluntary must generally show their counsel was ineffective.  United States v. Spaeth, 69 F.4th 1190, 1211–12 (10th Cir. 2023).  A guilty plea is also unknowing and involuntary if induced by "threats," "misrepresentation[s]," or "promises" that have "no proper relationship to the prosecutor's business."  Brady v. United States, 397 U.S. 742, 755 (1970) (quoting Shelton v. United States, 242 F.2d 101, 115 (5th Cir. 1957) (Tuttle, J., dissenting)).

Defendant argues Tollett and its progeny do not limit his constitutional challenges to whether his guilty plea was knowing and voluntary because of ineffective assistance of counsel.  He contends instead that Tollett states only that he cannot challenge pre-plea constitutional violations for their effect on anything before his plea.  Tollett and its progeny say nothing, he argues, about whether Defendant can challenge the constitutionality of his plea based on pre-plea constitutional violations.

We disagree.  Tollett explained that "a guilty plea represents a break in the chain of events which has preceded it in the criminal process" after which a

---

[2] The Supreme Court originally cited the then-relevant constitutionally ineffective assistance of counsel case Adams v. United States ex rel. McCann, 317 U.S. 269 (1942), in this passage.  Strickland articulates the modern standard for alleging constitutionally ineffective assistance of counsel, and this opinion substitutes it for all references to McCann.

defendant "may not thereafter raise independent claims relating to the deprivation of constitutional rights that occurred prior . . . ." 411 U.S. at 267. The Supreme Court has so far held that defendants "may *only* attack the voluntary and intelligent character of the guilty plea by showing that the advice he received from counsel was not within the standards set forth in [Strickland]." Id. (emphasis added). The Court recognized only three exceptions: threats, misrepresentation, and inappropriate prosecutorial promises. Brady, 397 U.S. at 755. And as in Spaeth, we decline to recognize prosecutorial intrusion as an exception to Tollett's general rule that guilty pleas "break[] the causal effect of any unconstitutional conduct on a defendant's conviction. No reason exists, therefore, to hold that a sunken pre-plea constitutional violation somehow resurfaces on the other side of a guilty plea." Spaeth, 69 F.4th at 1212. In this case, Defendant could pursue his claim only through an ineffective counsel claim if he wished to challenge his guilty plea based on pre-plea conduct, which he concededly did not do. His challenge fails for that reason.[3]

AFFIRMED.

---

[3] Defendant relied exclusively on Shillinger to establish prejudice and a constitutional violation. Shillinger held intentional government intrusion into the attorney-client relationship without a legitimate law-enforcement purpose was a constitutional error for which defendants need not allege prejudice because we presume it for structural errors. 70 F.3d at 1142. In United States v. Hohn, 123 F.4th 1084 (10th Cir. 2024) (en banc), we overruled Shillinger and clarified that "a Sixth Amendment violation of the right to confidential communication with an attorney requires the defendant to show prejudice." 123 F.4th at 1088. Hohn's defendant "relie[d] solely on Shillinger's structural-error rule to sustain a Sixth Amendment violation," and his case collapsed without that case's prejudice presumption. Id. at 1087. Defendant also alleges prejudice exclusively through Shillinger, and his case must fail for the same reason.